ROBERT L. BLAND, Judge,
dissenting.
The above case came to the court of claims from the state tax commissioner under the “shortened procedure” provision of the court act. The record was prepared by the tax commissioner and filed with the clerk September 15, 1942. It was placed upon the special docket of the court for its regular October 1942 term and is considered informally upon the record submitted. It appears from this record that pursuant to article 13, chapter 11, of the official code of West Virginia, relating to business and occupation, formerly known as the gross sales tax law, claimant C. W. Leggett Company paid taxes to the state of West Virginia as follows:
1924 _ ; 12.50
1925 . 17.91
1926 . 22.79
1927 _ 18.64
1928 . 22.82
1929 _ 23.40
1930 . 31.00
1931 . 31.69
1932 . 5.51
1933 . 2.79
1933 _ 54.04
1934 . 96.18
1935-. 103.36
1936 . 122.01
565.64 Total
*326 It is also shown by the record that a demand for a refund of said payments has heretofore been made to the tax commissioner and that he has been petitioned to requisition the auditor of West Virginia for a state warrant refunding said aggregate amount so paid, and that such demand and petition have been refused upon the ground that there exists no funds out of which such refund might be made, the funds out of which refunds might be made for said years having reverted to and become a part of the general revenue and reappropriated for succeeding years.
During the period that Honorable Fred L. Fox and Honorable Ernest K. James, respectively, served as state tax commissioner one of the rules and regulations of the tax commissioner’s office provided that persons maintaining a place of business in West Virginia for the purpose of representing out-of-state suppliers of merchandise on a commission basis and obtaining orders for the shipment from such out-of-state suppliers to customers in West Virginia were not liable for payment of the West Virginia business and occupation (formerly gross sales) tax on their gross commissions because such transactions were considered exempt from the payment of state taxes under the interstate commerce clause of the Federal Constitution.
By reason, however, of a decision of the Supreme Court of Alabama, in the case of State v. Stein, reported in 199 Southern, page 13, the above mentioned rule and regulation was abrogated and annulled for the reason that said case held that commissions earned by reason of transactions above mentioned were not exempt under the commerce clause of the Federal Constitution.
In advising all such commission merchants in West Virginia of this fact it was ascertained by the tax commissioner that those claiming refund, including the above claimant and others, did pay business and occupation tax on commissions received from interstate shipments when at the time said tax payment was made said taxpayers were exempt from the payment of *327 ■the tax. In view of the fact that all other commission merchants did not pay taxes on commissions earned from interstate transactions, the tax commissioner was of the opinion that claimant and other taxpayers claiming refund have paid more taxes than were required by them under the law, and that the taxes so paid by them were in excess of the amounts due from said taxpayers, and it is the view of the tax commissioner that such taxpayers are entitled to a refund for what he regards as overpayments made by them.
For the reason that what the tax commissioner conceives to have been an erroneous tax payment made by claimant more than two years prior to the application for refund he is barred from making said refund by reason of section 655 (1) (2a) of article 1 chapter 11 of the 1941 supplement to the West Virginia code, which reads as follows:
“On and after the effective date of this section, any taxpayer claiming to be aggrieved through being required to pay any tax into the treasury of this state, may, within two years from the dáte of such payment, and not after, file with the official or department through which the tax was paid, a petition in writing to have refunded to him any such tax, or any part thereof, the payment whereof is claimed by him to have been required unlawfully; and if, on such petition, and the proofs filed in support thereof, the official collecting the same shall be of the opinion that the payment of the tax collected, or any part thereof was improperly required, he shall refund the same to the taxpayer by the issuance of his or its requisition on the treasurer; and the auditor shall issue his warrant on the treasurer therefor, payable to the taxpayer entitled to the refund, and the treasurer shall pay such warrant out of the fund into which the amount so refunded was originally paid:- Provided, however, That no refund shall be. made, at any time, on any claim involving the assessed valuation or appraisement of property which was fixed at the time the tax was originally paid.”
However, beginning with the year 1942 and for all subsequent years the tax commissioner will collect business and *328 occupation tax on the gross commissions of merchant brokers who represent out-of-state suppliers and obtain orders for the shipment of such out-of-state supplies to customers in West Virginia. It appears that all such commission brokers have been notified to this effect and are reporting their gross income received from this source of business on their regular tax returns. But in view of the fact that tax commissioners Fox and James had both ruled otherwise prior to the Alabama decision of State v. Stein, supra, the tax commissioner has taken the position that it would not be fair to backtax any of such taxpayers for years prior to 1942 for such taxes, and it is his opinion that the taxpayers who did make such payments when not required to do so by reason of the above mentioned rule and regulation are entitled to refund in order to place them on an equal basis with the taxpayers who did not pay on the commissions earned from interstate transactions carried on by them. The tax commissioner’s department, however, is prohibited from making the refund soüght by claimant by reason •of the prohibition contained in section 655 (1) (2a) of Michie’s supplement of 1941 to the code of West Virginia. The tax commissioner is of opinion that the matter may be presented to the court of claims for its consideration, and if an award shall be made by this court the Legislature might make the necessary appropriation sought by claimant. The tax commissioner, therefore, concurs in the payment to claimant of the sum of $565.64. The assistant to the attorney general approved the claim as one that should be paid. An award for the said sum of $565.64 has been made in favor of claimant C. W. Liggett Company in the said sum of $565.64 by majority members of the court. However fair and just such award may appear to be under the facts disclosed by the record, I cannot concur therein.
I do not think that the case as presented by the record authorizes an award for reimbursement of the taxes paid by claimant. It is, I think, the law that where a tax is illegal the aid of a court of equity may be invoked to prevent the coilection of said tax. The taxes which claimant seeks to have reimbursed were voluntarily paid. Such payments were not *329 compulsory. They were not made under duress. It is fundamental law that a tax paid voluntarily cannot be recovered back. There is no statut ' authorizing a refund of the taxes paid by claimant under the showing made by the record.
If claimant, felt aggrieved on account of paying the taxes in question it. hail 1 hi' right under the statide above set forth, within two years from the date of such payments, and not after that time, to apply to the official or department through which such taxes were paid for redress and relief authorized by such statute. It. did not. see lit to pursue such remedy. It is now barred by the statute of limitation from doing so. For such reason the tax commissioner could make no refund. For the same reason the court of claims is without jurisdiction to make an award in its favor.